David L. Fisher (11570)
**Fisher Law Group PLLC**
2825 E Cottonwood Pkwy Ste 500
Cottonwood Heights, UT 84121
Phone: 801-931-9001
E-mail: fisherlawllc@lawyer.com
*Attorney for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Robert William Seely, Sr. and<br>AnnMarie Malani Seely<br><br>Debtors<br><br>American Eco Solutions, a Utah business<br><br>Plaintiff,<br>v.<br><br>Robert William Seely, Sr., an individual<br><br>Defendant | Bankruptcy No. 19-22320<br><br>[Chapter 7]<br><br>Adversary Proceeding No._____<br><br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Pursuant to 11 U.S.C. §§ 523(a)(2), and (6), and Federal Rules of Bankruptcy Procedure 4007 and 7001, Plaintiff American Eco Solutions ("AES" or "Creditor"), hereby complains of Debtor Robert Seely ("Debtor") and alleges as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. AES is an entity doing business in Utah.

2. Debtor is an individual and a resident of Utah County, State of Utah.

3. Debtor initiated the underlying bankruptcy case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on April 5, 2019.

4. Debtor is now seeking a discharge under Section 727 of the Bankruptcy Code.

5. As of the date of this Complaint, the Debtor has not been granted a discharge.

6. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on July 12, 2019.

7. By this complaint, Creditor seeks a determination that the Debtor's debt to Creditor is excepted from discharge under Sections 523(a)(2) and (6) of the Bankruptcy Code.

8. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. is proper pursuant to 28 U.S.C. §§ 1408 and/or 1409.

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

10. On February 9, 2018, Caleb Tucker ("Tucker"), an energy consultant presented an In-Home program for AES at the home of a customer by the name of April Crossley. Debtor attended that program and set up a time for the following day for Tucker to come to his home for an estimate.

11. Debtor represented himself as the owner of real property purported to have a street address of 771 S 100 W Orem, UT 84058 (the "Property").

2

12. On February 10, 2018 Tucker wrote up a contract to install some energy saving products at the Property. The installation date of those products was originally scheduled for February 21, 2018.

13. Debtor was aware that Creditor planned to file a notice of commencement for a mechanic's lien on his property.

14. Debtor requested that his deposit check, the financing contract, and any liens be held until after the refinance of his home was completed.

15. Tucker contacted Neil Johnson ("Johnson"), manager of AES, for approval on the special requests to post-date the deposit.

16. Tucker explained to Debtor at Johnson's request that mechanic's liens on the Property are necessary to protect AES for labor and goods provided.

17. In order to convince AES to not lien his property, Debtor expressed interest in working with AES.

18. Debtor never had any intention of following through on his promises to work for AES.

19. The representation to work with AES was part of a scheme to prevent AES and/or its financing company from recording a notice of mechanics lien and/or a financing lien on the property.

20. Debtor repeatedly promised to pay the debt to AES in full and that a lien on his property would not be necessary.

21. On or about February 22, 2018, Tucker contacted Johnson to let him know that Debtor was having difficulty getting his home refinancing to go through. Johnson said that he would

email Debtor a referral to see if that referral could help the process.

22. As part of his ongoing scheme to defraud AES, Debtor asked to attend a national convention in Dallas, TX with AES.

23. Debtor and AES had an agreement that AES would cover Debtor's travel costs in exchange for future services he would provide AES.

24. AES paid for these costs on the condition that Debtor would come to work for AES and generate sales for AES.

25. The travel costs were only paid for by AES on the condition Debtor would become a salesperson for AES.

26. The travel costs to Dallas, TX were not a gift to Debtor.

27. From March 1, 2018 to March 4, 2018, Debtor attended a national convention in Dallas, TX with AES.

28. AES paid for the cost of Defendant's trip to Dallas including, but not limited to airline flight cost, lodging, food and incidentals.

29. As part of his ongoing scheme to defraud AES, Defendant expressed that he was excited to start working with AES.

30. Debtor never had any intention of working with AES.

31. Debtor orchestrated a scheme to defraud AES to obtain a free vacation to Dallas, TX.

32. On or about March 15, 2018, sometime shortly after returning from Texas, after learning more about the products from attending convention, Defendant asked to add the Better Air product to his package and mentioned that he would email AES about adding it to his pending

install.

## FIRST CAUSE OF ACTION
(Debt Excepted from Discharge pursuant to 11 U.S.C. § 523(a)(2))

33. Creditor incorporates by reference the allegations contained in the preceding paragraphs.

34. Inherent in every business dealing in Utah is the implied covenant of good faith and fair dealing.

35. Debtor breached his duty concerning the implied covenant of good faith and fair dealing.

36. Debtor fraudulently received goods and services in exchange for a fraudulent promise to pay for said goods and services.

37. Debtor's conduct caused damage to Creditor for which Debtor is liable.

38. Debtor is liable for fixtures and labor obtained by Debtor under false pretenses, false representation, or actual fraud, including but not limited to, accepting Creditor's materials and services with the agreement that said materials and labor would be a lien on Debtor's real property, all the while intending to breach the agreement. Such action by Defendant to obtain goods and services, were made with false representations.

39. Debtor is further liable for goods and services obtained by Debtor under false pretenses, false representation, or actual fraud, including but not limited to, accepting labor and materials with the agreement that said labor would constitute a secured lien in compliance with the Finance Agreement, all the while intending to breach the Finance Agreement and not repay the funds at issue to Creditor. Such action by Debtor to obtain goods and services, were made with false representations.

40. Creditor reasonably relied on Debtor's representations that he would pay for goods and

5

services if AES delayed recording a mechanic's lien on the Property.

41. Debtor fraudulently received labor and materials concerning installation of energy saving systems such as solar panels while having no intention of paying for them.

42. As a result, the $3,571.70 debt owed to Creditor by Debtor should be excepted from discharge by operation of Section 523(a)(2) of the Bankruptcy Code.

43. As a result, the funds advanced on Debtor's behalf for travel to Dallas TX should be excepted from discharged by operation of Section 523(a)(2) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
(Debt Excepted from Discharge pursuant to 11 U.S.C. § 523(a)(6))

44. Creditor incorporates by reference the allegations contained in the preceding paragraphs.

45. Debtor willfully and maliciously lied to Creditor to get the $3,571.70 worth of energy saving equipment installed including interest, schemed to delay creditor from recording a mechanic's lien until after the statute of limitations had expired to record a mechanic's lien, schemed to avoid obtaining financing for the debt owed.

46. Debtor's scheme evolved to include filing bankruptcy to get out of paying the debt.

47. Debtor did the acts complained of herein with the intent to cause injury to Creditor.

48. As such, Debtor's debt to Creditor should be excepted from discharge under 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Creditor prays for judgment in its favor against Debtor, for a determination that the debts owed to Creditor are excepted from discharge pursuant to 11

U.S.C. §§ 523(a)(2) and (6), for attorney's fees, and for such other and further relief as the

Court deems just and proper.

DATED this 12th day of July, 2019.

*/s/ David L. Fisher*
David L. Fisher,
Attorney for Plaintiff

Serve Debtor at:

771 S 100 W
Orem, UT  84058